**DOLL AMIR & ELEY LLP**
BRETT H. OBERST (SBN 196219)
boberst@dollamir.com
MARY TESH GLARUM (SBN 175181)
mglarum@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, CA 90067
Tel: 310.557.9100
Fax: 310.557.9101

**METZ LEWIS BRODMAN MUST O'KEEFE LLC**
BRIAN T. MUST (Admitted pro hac vice)
bmust@metzlewis.com
JAMES P. ANGELO (Admitted pro hac vice)
jangelo@metzlewis.com
535 Smithfield St., Suite 800
Pittsburgh, PA 15221
Phone: (412) 918-1100
Fax: (412) 918-1199

Attorneys for Plaintiff
ERIKS North America, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKS NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAKE HAMMOND, <br><br> Defendant. | Case No. 2:19-cv-00987-CBM-JCz <br><br> **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** <br> **[JS-6]** |

This matter comes before the Court on the Parties' Joint Stipulation for Entry of Final Consent Judgment and Permanent Injunction (the "Stipulation"). Having reviewed the Stipulation, Plaintiff ERIKS North America, Inc.'s ("ENA") Motion for Preliminary Injunction, and the remainder of the record, the Court hereby ORDERS the entry of a Final Consent Judgment and Permanent Injunction, as follows:

1. This Court has subject matter jurisdiction over this action as well as personal jurisdiction over ENA and Defendant Jake Hammond ("Hammond").

2. That venue is proper in this judicial district.

3. Hammond is prohibited from directly or indirectly using, disclosing, or acquiring ENA's confidential, proprietary, and trade secret information, including, but not limited to, confidential customer lists, customer contact information, pricing and other specified information related to ENA's business operations or finances, whether based on documents or Hammond's memory of such information.

4. Hammond shall immediately return all of ENA's confidential, proprietary, and trade secret information in his possession, custody, or control. If Hammond does not presently have any such information in his possession, custody, or control, Hammond shall provide a signed affidavit to ENA verifying that fact within five (5) business days of the entry of this Order.

5. Hammond shall abide by the terms of the Confidentiality Agreement attached as Exhibit A to the Verified First Amended Complaint (Dkt. #17-1).

6. For a period of one (1) year from the date of this Order, Hammond shall not, directly or indirectly, solicit, contact, accept business from, or otherwise take action to interfere with, the following customers and accounts of ENA: (i) Chevron Products Co.; (ii) Torrance Refining Co.; (iii) Marathon Andeavor; (iv) Industrial Valco Inc.; (v) Phillips 66 Co.; (vi) Watson Cogeneration Co.; (vii) So Cal Gas; (viii) McJunkin Redman Corp.; (ix) Tripac Marketing, Inc.; (x) Marathon Petroleum; (xi) Valero Wilmington Refinery; (xii) Harrington Industrial; (xiii) Timet Corp.; and (xiv) Bakersfield Pipe & Supply. The foregoing restriction shall apply to the listed

customers and accounts regardless of their geographical location. By providing written consent to the Stipulation, both parties understand that the restriction set forth in this Paragraph shall no longer apply to Hammond after the one-year period has concluded, provided that Hammond does not use any of ENA's confidential, proprietary, and trade secret information in soliciting or contacting these customers and accounts.

7. Pursuant to Fed. R. Civ. P. 65(d), the permanent injunction shall be binding upon Hammond and upon those in active concert or participation with him who receive notice of this Order.

8. The permanent injunction shall take effect immediately upon entry by the Court and shall remain in effect pursuant to the terms set forth herein.

9. The above-captioned action shall be dismissed in its entirety, with prejudice.

10. ENA and Hammond shall each bear their own respective costs, expenses, and attorneys' fees incurred in connection with the above-captioned action.

11. This Court shall retain jurisdiction over the above-captioned action for the purposes of monitoring and enforcing compliance with the permanent injunction entered by the Court pursuant to this Order.

DATED: MARCH 28, 2019

Hon. Consuelo B. Marshall
United States District Judge